IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SRA INVESTMENTS, LLC, et al.**                                                                  **PLAINTIFFS**

**V.**                                             **NO. 4:16-CV-55-DMB-JMV**

**MERITOR, INC., et al.**                                                                                      **DEFENDANTS**

## ORDER OF DISMISSAL

This environmental action is before the Court on the defendants' motion to dismiss Linda Singleton's claims with prejudice. Doc. #352.

**I**
**Relevant Procedural History**

On July 1, 2016, the plaintiffs in this action filed an amended complaint against Meritor, Inc., Rockwell Automation, Inc., The Boeing Company, and Textron, Inc. Doc. #46. The amended complaint asserts various claims against the defendants arising from pollution allegedly caused by the operation of a manufacturing plant in Grenada County, Mississippi. *Id.* at ¶ 1.

On October 12, 2017, the attorneys for the plaintiffs filed a motion to withdraw as counsel for Linda Singleton, one of the plaintiffs, based on Singleton's refusal "to participate in the prosecution of this matter, to communicate with … counsel, … or to answer discovery propounded to her." Doc. #268 at 1. Approximately two weeks later, on October 25, 2017, the defendants filed a motion to compel discovery from Singleton. Doc. #295. The motion asserted that the defendants served two sets of interrogatories and requests for documents on Singleton (one on September 27, 2016, and the other on February 22, 2017), and that Singleton did not respond to either set. *Id.* at 2.

On November 6, 2017, United States Magistrate Judge Jane M. Virden issued an order which granted the motion to compel and denied the motion to withdraw. Doc. #331. The order directed Singleton to respond to the discovery requests within fourteen days and warned "that … failure to do so will likely result in a report and recommendation that her case be dismissed, with prejudice, for failure to prosecute." *Id*. at 2.

Singleton did not respond to the discovery requests and the defendants, on November 20, 2017, filed a motion to dismiss Singleton "for lack of prosecution, for … refusal to participate in discovery, and for … failure to comply with the Court's orders." Doc. #352 at 1. On November 28, 2017, counsel for the plaintiffs responded in opposition to the motion. Doc. #363. The response states:

> Plaintiffs' counsel has provided to Ms. Singleton … notice of this Motion to Dismiss, and requested that she contact any representative of Plaintiffs' legal team to discuss moving forward with her claim or to provide instruction that her claim be abandoned. Ms. Singleton has not responded.
>
> Given these circumstances, the undersigned is not in a position to confess the Defendants' instant motion, but also is unable to make a good-faith argument in opposition.

*Id*. at 2.

## II
## Analysis

Federal Rule of Civil Procedure 37 grants a district court authority to dismiss an action for, among other things, a plaintiff's failure to obey a discovery order or serve answers to interrogatories. *See* Fed. R. Civ. P. 37(b), (d). Under Rule 37(b), dismissal for failure to comply with a discovery order:

> is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is

2

whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190–91 (5th Cir. 1985) (citations omitted).

First, the Court finds that a finding of willfulness or bad faith is justified by Singleton's repeated refusals to respond to the defendants' discovery requests, and by her disregard of Judge Virden's order directing such responses. *S.E.C. v. First Fin. Grp. of Tex., Inc*., 659 F.2d 660, 666 (5th Cir. 1981) (finding of willfulness or bad faith is justified when the record "discloses [a] persistent refusal to respond to … discovery requests … and to comply with the orders of the district court"). Second, to the extent Judge Virden's order expressly warned of the possibility of dismissal, the Court finds that lesser sanctions would not deter Singleton from future violations. Third, insofar as Singleton has wholly failed to engage in discovery, the Court concludes that the defendants have been prejudiced by Singleton's violations. Finally, based on counsel's representations that they have tried to contact Singleton regarding her discovery obligations, the Court concludes that the violations are the fault of Singleton rather than her attorneys. Under these circumstances, dismissal with prejudice under Rule 37(b) is warranted. Accordingly, the defendants' motion to dismiss [352] is **GRANTED**.

**SO ORDERED**, this 15th day of May, 2018.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**